## Thomas M. Roberts v. Harvey S. Hopper.

Filed June 23, 1898.   No. 8202.

Intoxicating Liquors: Action Against Saloon-Keeper: Damages Resulting From Intoxication: Evidence. In a suit against a licensed saloon-keeper to recover damages which the plaintiff

alleged he had sustained by reason of disposing of his property while intoxicated from the drinking of liquors furnished by the saloon-keeper, it is error for the court to charge the jury that they may award the plaintiff such damages as he' has sustained by reason of disposing of his property while intoxicated, in the absence of an admission, or some evidence, of the value of the property disposed of.

ERROR from the district court of Burt county. Tried below before HOPEWELL, J. *Reversed.*

*H. E. Carter,* for plaintiff in error.

*H. Wade Gillis, contra.*

RAGAN, C.

In the district court of Burt county Harvey S. Hopper brought suit against Thomas M. Roberts, a licensed saloon-keeper. Hopper alleged that Roberts had sold him intoxicating liquors which he had drunk and from drinking which he had become intoxicated, and that while he was thus intoxicated, and by reason thereof, he was thrown from a buggy, had his collar bone broken, and was otherwise severely injured; that at the time he became intoxicated he was the owner of a team and harness worth $180, which was incumbered for $70, and that while he was intoxicated, and by reason thereof, he disposed of said team and harness for less than their value; that during the months of August and September, 1893, he had paid Roberts for intoxicating liquors between $30 and $50. He prayed damages for the injury received by being thrown from the buggy, in the sum of $2,000; for loss sustained in the disposal of his team and harness, $80; and money spent for intoxicating liquors, $30. He had a verdict and judgment, which Roberts has brought here for review on error.

Roberts requested the district court to instruct the jury that there was no evidence before them that Hopper had sustained any loss in disposing of his team and harness. The court refused to give this instruction, but

charged the jury that if Hopper had disposed of his team and harness for less than they were worth by reason and because of being intoxicated by drinking intoxicating liquor bought of Roberts, then to the extent that Hopper was thereby damaged he was entitled to recover. The record shows that Hopper, while intoxicated from drinking liquors purchased of Roberts, disposed of his team and harness, and that he realized for them $25 or $30; but there is not in the record one syllable of evidence as to the value of the team and harness or either of them. For aught that the record discloses the $25 or $30 received by Hopper for the team and harness may have been their actual value. The court erred in not instructing the jury that there was no evidence that Hopper had sustained any damages in the disposition of his team and harness, even though he may have disposed of them while intoxicated from the drinking of liquors purchased of Roberts. The judgment of the district court is reversed.

REVERSED AND REMANDED.